IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER EDWARDS, JR.                                          PETITIONER

v.                    Civil No. 5:25-cv-05059-TLB-CDC

SHERIFF JAY CANTRELL                                              RESPONDENT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner Christopher Edwards, Jr., ("Edwards"), has filed his Petition pursuant to 28 U.S.C. § 2254, as a Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). The Respondent has not been directed to file a response, and no response is necessary. The matter is ready for recommendation to U.S. District Judge Timothy L. Brooks.

### I.    BACKGROUND

The Petition concerns Edwards' incarceration while he awaits his trial in a state criminal case pending before the 4th Judicial Circuit Court in Washington County, Arkansas, *State of Arkansas v. Christoper Edwards, Jr.,* Case No. 72CR-24-2554.[1] On December 23, 2024, an information charged him with interference with custody, a class C felony, as a result of actions allegedly taken by Edwards on or about December 6, 2024. Edwards' first appearance was on January 6, 2025, where he pled not guilty, and his jury trial was scheduled for March 4, 2025. Edwards was appointed a Public Defender. A continuance was granted on March 10, 2025, and a status hearing has been scheduled for May 20, 2025.

Edwards raises several challenges to his pending criminal case and current detention,

---

1 The Court Located Edwards' state court case information on caseinfo.arcourts.gov., based upon Plaintiff's description of his charges in the pleadings.

including that he is the child in question's father and that he pays child support which should establish that fact. (ECF No. 1, p. 4). Edwards alleges he was not provided with any options other than to return to jail and wait for court, and that he has been asking to be released and seeking a bond reduction. (ECF No. 1, pp. 8, 9). He objects to being considered a flight risk. *Id*.

Edwards seeks relief under the 4th, 6th, and 8th Amendments to the U.S. Constitution, (ECF No. 1, p. 16) as well as punitive, compensatory, and nominal damages. *Id*.

## II.     APPLICABLE STANDARD

As a pre-trial detainee filing for relief under 28 U.S.C. § 2254, Edwards has filed his petition pursuant to the wrong code section. Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial detainees – such as Edwards – challenging the legitimacy of pending state litigation must pursue relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Rojas Hernandez v. Paget*, 2016 WL 7404742, *2 (D. Minn. Nov. 10, 2016) ("Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees."). The Court considers Edwards' § 2254 Petition as one for relief under § 2241.

Before obtaining habeas relief, however, a petitioner must not only be in custody but also have exhausted his state remedies. *Rojas Hernandez, supra*. (citing *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state

2

procedures available to the petitioner." *Id*. (quoting *Dickerson v. Louisiana*, 816 F.2d 22-, 225 (5th Cir. 1987).

### III.    DISCUSSION

Edwards' Petition raises constitutional issues that may be resolved by the state process and thus his habeas claims are subject to the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37, (1971). Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims related to such proceedings should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010; *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted).

As noted, there is an ongoing state court criminal proceeding pending against Edwards. That criminal proceeding implicates Arkansas' important state interest of enforcing its criminal law and affords Edwards – who has been appointed counsel – an adequate opportunity to raise the constitutional questions he now presents related to his continued detention and/or the validity of the charges pending against him in his Arkansas criminal case. Thus, pursuant to *Younger*, this

3

Court must abstain from hearing the matter, leaving Edwards to pursue his constitutional claims in his state criminal case.

## IV.   CONCLUSION

For these reasons, it is recommended that Edwards' Petition under 28 U.S.C § 2254 and/or § 2241 for Writ of Habeas Corpus by a Person in State Custody be **DISMISSED** without prejudice. (ECF No. 1).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 21st day of March 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE